## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC § § § Plaintiff, § § vs. § § EPIX ENTERTAINMENT LLC, § § Defendant. § § | Case No: PATENT CASE |

## COMPLAINT

Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Plaintiff" or "RBDS") files this Complaint against Epix Entertainment LLC ("Defendant" or "Epix") for infringement of United States Patent No. 8,856,221 (hereinafter "the '221 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with an office at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. On information and belief, Defendant is a Delaware limited liability company, with its principal place of business at 260 Madison Avenue, New York, NY.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this

District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Defendant is deemed to be a resident of this District and is a Delaware company.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO 8,856,221)

8. Plaintiff incorporates paragraphs 1-7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

10. Plaintiff is the owner by assignment of the '221 Patent with sole rights to enforce the '221 Patent and sue infringers.

11. A copy of the '221 Patent, titled "System and Method for Storing Broadcast Content in a Cloud-based Computing Environment," is attached hereto as Exhibit A.

12. The '221 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '221 Patent by making, using, importing, selling, and/or offering for media content storage and delivery systems and services covered by one or more claims of the '221 Patent.

14. Defendant sells, offers to sell, and/or uses media content storage and delivery systems and services, including, without limitation, the EPIX system and service, and any

similar products ("Product"), which infringes at least Claim 1 of the '221 Patent.

15. The Product is a system for media content storage (e.g., the service allows a user to record shows and other content via the offline viewing functions) and delivery (e.g., the service allows a user to stream shows and other content using the online functions). The system employs the use of a first server. The server involves, incorporates, or is hosted on at least one "back-end" computer (the "server(s)" or "server computer(s)") maintained by EPIX or its agents. Since a customer can access a variety of multimedia content via the EPIX offline viewing feature, a server must be present for the hosting and storage of the content. Certain aspects of these elements are illustrated in the screen shots below and/or in screen shots provided in connection with other allegations herein.







http://www.techtimes.com/articles/85274/20150917/epix-will-now-let-users-download-shows-and-movies-for-viewing-offline.htm

16.  The at least one server necessarily includes a receiver configured to receive a request message including media data indicating requested media content and a consumer device identifier corresponding to a consumer device.  The server is connected to the Internet and necessarily contains a receiver configured to receive a request message including media data, which indicates the particular video content to transmit to a user.  The receiver is also configured to receive a request message that further includes a consumer device identifier. The EPIX system limits access to content based upon a customer's subscription, and thus a device must be linked and identified with a customer in order for the device's access to content to be dictated by a customer's subscription status.

17.  The Product necessarily includes first processor in communication with the first receiver that is configured to determine whether the consumer device identifier corresponds to a registered consumer device.  As previously stated, the EPIX system limits access to content based upon a customer's subscription, and thus a device must be linked and identified with a customer in order for the device's access to content to be dictated by a customer's subscription

status.

18.     The Product includes a first processor that determines if a consumer device identifier corresponds to the registered consumer device. Upon confirming registration, the first server is further configured to determine whether the request message is one of a storage request message and a content request message (e.g., EPIX implements a processor that can differentiate a user's request to record or store content using the offline viewing feature from a user's request to stream content using the online feature).

19.     The server verifies that the media content identified in the media data of the storage request message (e.g., request to record content) is available for storage in order to prevent data errors that would result from attempting to store content that is not available for storage.  EPIX's offline viewing feature allows a user to program downloads for viewing offline. The system verifies that the show designated by the user is in fact being broadcast at the user defined time and date, and can cancel the recording action if the particular show is in fact not being broadcast at the designated time and date.

20.     If a customer requests content (e.g., live streaming of media content), then a processor within the Product necessarily initiates delivery of the content to the customer's device. The server will initiate delivery of the requested media content to the consumer device (e.g., stream content) if the request message is a content request message (e.g., request for content streaming).

21.     The Product can be configured to stream content (e.g., the online feature) from the server, or deliver permanent downloads (e.g., the offline viewing feature) to a consumer device.  A downloaded video is stored for up to 30 days and or 7 days from the first viewing.

22.     The server must first determine whether the requested media content exists prior

to initiating delivery in order to prevent data errors that would result from attempting to transmit media content that does not exist (e.g., broadcast not available at requested time, storage request does not meet restrictions, etc.).

23. After the processor determines whether the requested media content is available, it determines whether there are restrictions associated with the requested media content (e.g., for offline recordings, the recording may be restricted if the designated content is not available at a designated time, number of downloads allowed for offline viewing, titles available for the offline viewing feature, etc.).

24 Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

25. Defendant's actions complained of herein is causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

26. Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No. 8,856,221 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: August 2, 2018                    Respectfully submitted,

                                                                  */s/ Stamatios Stamoulis*
                                                                   **STAMATIOS STAMOULIS (#4606)**
                                                                   **STAMOULIS & WEINBLATT LLC**
                                                                   Two Fox Point Centre
                                                                   6 Denny Rd.
                                                                   Suite 307
                                                                   Wilmington, DE 19809
                                                                   (302) 999-1540
                                                                   stamoulis@swdelaw.com

                                                            **ATTORNEYS FOR PLAINTIFF**